

# The Attorney General of Texas

May 2, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Wilson E. Speir, Director
Texas Department of Public Safety
5805 N. Lamar Boulevard
Austin, Texas 78773

Opinion No. MW-16

Re: Whether defensive driving and similar courses are required to be licensed under article 4413(29c), V.T.C.S.

Dear Colonel Speir:

You have requested our opinion regarding the licensing of commercial driver-training schools and instructors. You ask whether article 4413(29c), V.T.C.S., requires the Department of Public Safety to license courses in driver-training which consist only of remedial classroom instruction. See art. 6701d, § 143A. Article 4413(29c) provides in part:

> Section 1.
>
> (a) 'Commercial driver-training school' or 'school' means any enterprise conducted by an individual, association, partnership, or corporation, for the education and training of persons, either practically or theoretically, or both, to operate or drive motor vehicles and charging a consideration or tuition for such services.
>
> . . . .
>
> Sec. 2. No person, firm, association, partnership, or corporation shall operate a commercial driver-training school after January 1, 1968, unless a license as a commercial driver-training school has been secured from the Texas Department of Public Safety, provided that training or classes conducted by colleges, universities, high schools, and junior high schools for regularly enrolled students as a part of the normal program for such institutions shall be exempt.

We believe that the language of the statute is clear. Regardless of the remedial nature or the absence of vehicular use in the classroom instruction, no enterprise which charges a fee may conduct driver-training education "either practically or theoretically" without securing a license from the department.

You also ask if the department can establish different categories of licenses and waive the issuance requirement for schools designed to provide classroom instruction only. Section 4 provides that "[b]efore the Department of Public Safety shall issue such license, the person, firm, association, partnership, or corporation shall" execute a bond and maintain motor vehicle liability insurance. See Ins. Code § 5.01. Once the license is issued the licensee is permitted to use motor vehicles in the driving instruction. There is no provision in the statute for those entities which do not use vehicles in their instruction to be exempted from the bond and insurance requirement of section 4. There is only one category of license, and since that license permits the use of a motor vehicle, we believe we are bound by the literal language of the statute which prohibits licensing unless liability insurance is maintained.

You ask whether the department may by regulation construe the term "consideration or tuition" as used in section 1(a). The department has general rule-making authority. articles 4413(4) and 4413(29c), section (4)(d), V.T.C.S., and thus we believe the department has the authority to issue reasonable rules construing "consideration or tuition." Gerst v. Oak Cliff Savings and Loan Ass'n, 432 S.W.2d 702 (Tex. 1968); see Attorney General Opinion M-682 (1970). The critical factor in determining whether an agency has exceeded its rule-making powers is that the regulation must be in harmony with the general objectives of the statute. Jefco v. Lewis, 520 S.W.2d 915 (Tex. Civ. App. — Austin 1975, writ ref'd n.r.e.).

## SUMMARY

Enterprises offering classroom driving instruction for a fee must be licensed by the Department of Public Safety as per article 4413(29c), V.T.C.S.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER. JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Rick Gilpin
Renea Hicks
Charles J. Maddox, Jr.
William G Reid
Bruce Youngblood